**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JOHN PITTMAN,<br>*Petitioner*,<br><br>v.<br><br>ROLLIN COOK & KENNETH BUTRICKS,<br>*Respondents*. | No. 3:20-cv-626 (VAB) |

**RULING ON MOTION TO DISMISS PETITION FOR A WRIT OF *HABEAS CORPUS***

John Pittman ("Petitioner"), currently confined at Cheshire Correctional Institution in Cheshire, Connecticut ("Cheshire") and in the custody of the Connecticut Department of Correction ("DOC"), has filed a petition for a writ of *habeas corpus* with a request for emergency admission to bail.

Due to his vulnerability to COVID-19 (or "coronavirus") from his age, medical conditions, and particular risks faced by prison inmates who live in close quarters, Mr. Pittman seeks immediate release and claims that he is in state custody in violation of the Eighth Amendment of the U.S. Constitution.

Rollin Cook, the Commissioner of the Connecticut Department of Correction, and Kenneth Butricks, the Warden at Cheshire (collectively "Respondents"), have moved to dismiss Mr. Pittman's petition for lack of subject matter jurisdiction. Respondents argue Mr. Pittman has not fulfilled the statutory requirement of state court exhaustion, and so his petition must be dismissed.

For the following reasons, the motion to dismiss is **GRANTED** and Mr. Pittman's petition is dismissed without prejudice.

1

## I. BACKGROUND

On April 27, 1987, a jury found Mr. Pittman guilty of murder in violation of Conn. Gen. Stat. § 53a-54a, and the trial court subsequently sentenced him to a term of sixty years imprisonment. Pet. for Writ of Habeas Corpus, ECF No. 1 ¶ 9 (May 6, 2020) ("Habeas Pet."). The Connecticut Supreme Court upheld Mr. Pittman's conviction on appeal. *State v. Pittman*, 209 Conn. 596 (1989).

Mr. Pittman "has completed over 36 years" of his sixty-year sentence, and his current estimated release date is January 22, 2027. Habeas Pet. ¶ 4.

On September 28, 2019, Mr. Pittman filed a petition for a writ of habeas corpus in state court[1], where he intends to show that his "due process rights were violated as a result of the introduction of scientifically invalid evidence" at trial, and that "newly discovered forensic evidence entitles him to a new trial." *Id.* ¶¶ 30–31; *see also Pittman v. Comm'r of Corr.*, No. CV19-5000367 (Conn. Super. Ct.).

On February 7, 2020, the Commissioner of Correction moved for a court order for Mr. Pittman to show cause as to why his petition should not be dismissed for undue delay. Mot. for Order to Show Cause, *Pittman v. Comm'r of Corr.*, No. CV19-5000367, Entry No. 102.00 (Feb. 7, 2020). The Commissioner noted that Mr. Pittman had filed two prior petitions attacking his 1987 conviction, and that both habeas actions received trials on the merits before the state trial court denied the petitions. *Id.* at 1–2. According to the Commissioner, Conn. Gen. Stat. § 52-470(d) required Mr. Pittman to file any subsequent challenges by October 1, 2014. *Id.* at 2–3. On

---

[1] Information regarding this case may be found at *Superior Court Case Look-up*, STATE OF CONNECTICUT JUDICIAL BRANCH (June 1, 2020),
http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV195000367S.

2

the same day, Judge Tejas Bhatt set a hearing date of March 12, 2020. Order, *Pittman v. Comm'r of Corr.*, Docket No. CV19-5000367, Entry No. 102.10 (Mar. 12, 2020).

On February 19, 2020, Mr. Pittman moved for a continuance of the hearing date, and Judge Bhatt set a new hearing date of May 28, 2020. *Pittman v. Comm'r of Corr.*, Docket No. CV19-5000367, Entry Nos. 102.20, 103.00, and 103.10 (Feb. 19, 2020).

There has been no action in Mr. Pittman's state habeas action since then, but Mr. Pittman cites the following Notice, dated March 27, 2020:

> AT THE DIRECTIVE OF THE CHIEF COURT ADMINISTRATOR ONLY THOSE COURT FUNCTIONS DESIGNATED AS A PRIORITY ARE CURRENTLY BEING CONDUCTED. AS A NON-PRIORITY CIVIL MATTER HABEAS HEARINGS AND TRIALS WILL NOT BE OCCURING DURING THIS TIME AND THIS NOTICE IS BEING SENT TO ALL EFFECTED CASES. THESE CASES WILL BE RESCHEDULED IN DUE COURSE.

Habeas Pet. ¶ 34. Mr. Pittman claims "[i]t is not known when [he] can resume litigation of his habeas petition." *Id.* ¶ 35.

On April 15, 2020, Mr. Pittman submitted an application for compassionate release under Conn. Gen. Stat. § 54-131k to the Connecticut Board of Pardons and Paroles ("BOPP"), discussing his "thorough rehabilitation, his health conditions, and the support that awaits him upon his release." *Id.* ¶¶ 36–37.

On April 30, 2020, the BOPP denied Mr. Pittman's application for compassionate release, stating:

> Unfortunately, he does not meet the eligibility criteria outlines in the statute as he is not debilitated, incapacitated or infirmed as a result of his condition(s). He is housed in general population and is caring for himself with limited involvement from medical staff.

*Id.* ¶ 38 (quoting Ex. E: Denial E-mail, ECF No. 1-1 at 23 (Apr. 30, 2020)). Mr. Pittman claims the BOPP never addressed "his underlying chronic condition and increased risk of death or serious illness" from COVID-19. *Id.* ¶ 39.

On May 6, 2020, Mr. Pittman filed this petition under 28 U.S.C. § 2241 or in the alternative, 28 U.S.C. § 2254. Habeas Pet. ¶ 7. Mr. Pittman alleges that inmates and corrections officers have tested positive for COVID-19 at Cheshire, *id.* ¶ 54, and that he "has a number of risk factors in addition to his status as an incarcerated individual that make him particularly vulnerable to severe COVID-19," *id.* ¶ 56. Mr. Pittman is sixty-six years old and has hepatitis C, a form of liver disease. *Id.* ¶¶ 57–58. Mr. Pittman "wishes to be released to live with his mother in New Haven." *Id.* ¶ 62.

On the same day, Mr. Pittman also moved for an Order to Show Cause under 28 U.S.C. § 2243. Mot. for Order to Show Cause, ECF No. 3 (May 6, 2020).

On May 11, 2020, the Court granted the motion, directed Respondents to respond by May 19, 2020, and set a hearing date for May 26, 2020. Docket Entries, ECF Nos. 7–8 (May 11, 2020).

On May 15, 2020, Mr. Pittman moved for a temporary restraining order. Mot. for Temporary Restraining Order, ECF No. 10 (May 15, 2020) ("Pet'r's Mot."). He argues that as a sixty-six year old man with hepatitis C, "a serious underlying medical condition that creates a weakened immune system," he requests emergency relief in the form of "admission to bail for immediate release pending a ruling on his habeas petition . . . because he is at imminent risk of contracting severe COVD-19." Mem. of Law. in Supp. of Pet'r's Mot., ECF No. 11 (May 15, 2020) ("Pet'r's Mem.").

On May 18, 2020, Respondents' counsel filed an appearance and moved for an extension of time until May 26, 2020 to respond. Docket Entries, ECF Nos. 12–13 (May 18, 2020).

On May 19, 2020, the Court granted Respondents' motion for an extension of time, directing them to respond to both Mr. Pittman's petition for a writ of habeas corpus and his motion for a temporary restraining order by May 26, 2020, and continuing the hearing until May 29, 2020. Docket Entries, ECF Nos. 15–16 (May 19, 2020).

On May 26, 2020, Respondents moved to dismiss Mr. Pittman's petition and separately opposed his motion for a temporary restraining order. Respt's.' Mot. to Dismiss, ECF No. 17 (May 26, 2020) ("Resp'ts.' Mot."); Mem. of Law in Supp. of Respt's.' Mot., ECF No. 17-1 (May 26, 2020) ("Resp'ts.' Mem."); Mem. of Law in Opp'n to Pet'r's Mot., ECF No. 19 (May 26, 2020).

On the same day, the Court issued an order, stating:

> Because federal courts are courts of limited jurisdiction, and Respondents have raised the issue of subject-matter jurisdiction, the Court will discuss the [17] Motion to Dismiss at the hearing on Friday. *See, e.g.*, *Cantor Fitzgerald, L.P, v. Peaslee,* 88 F.3d 152, 155 (2d Cir. 1996) ("Customarily, a federal court first resolves any doubts about its jurisdiction over the subject matter of a case before reaching the merits or otherwise disposing of the case."). The Court also will discuss the legal issues related to the temporary restraining order and determine if evidence is necessary at a later hearing.
>
> Petitioner may file a written response to the issues raised in the motion to dismiss by 6 p.m. on Thursday, May 28, 2020, if he so desires.

Order, ECF No. 21 (May 26, 2020).

On May 27, 2020, Respondents filed a notice of supplemental authority. Notice of Suppl. Auth., ECF No. 22 (May 27, 2020).

On May 28, 2020, Mr. Pittman filed a response to the motion to dismiss. Pet'r's Reply to Resp'ts.' Mot, ECF No. 23 (May 28, 2020) ("Pet'r's Opp'n").

On May 29, 2020, shortly before the hearing, Mr. Pittman submitted a supplemental notice of additional authority. Notice of Suppl. Auth., ECF No. 29 (May 29, 2020).

On May 29, 2020, the Court conducted a telephonic hearing. Minute Entry, ECF No. 25 (May 29, 2020).

## II.     STANDARD OF REVIEW

A motion to dismiss a habeas petition is reviewed under the same standard as a motion to dismiss a civil complaint under Fed. R. Civ. P. 12(b)(6). *See Purdy v. Bennett*, 214 F. Supp. 2d 348, 353 (S.D.N.Y. 2002). To survive a motion to dismiss, the petition "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must accept as true the factual allegations in the petition and draw all reasonable inferences in the petitioner's favor. *Id.* This principle does not, however, apply to the legal conclusions that the petitioner draws in the petition. *Id.*; *Twombly*, 550 U.S. at 555. "Where . . . the [petition] was filed *pro se*, it must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)).

## III.     DISCUSSION

Respondents argue the following: (1) as a state prisoner, Mr. Pittman's petition can only be brought under 28 U.S.C. § 2254, not 28 U.S.C. § 2241; (2) his federal habeas claims are barred for failure to exhaust under both Sections 2241 and 2254; and (3) his claims are barred under the abstention doctrine delineated in *Younger v. Harris*, 401 U.S. 37 (1971).

6

The Court will address the first two arguments in turn, and then only if necessary, address the abstention doctrine and Mr. Pittman's underlying motion for a temporary restraining order.

### A. Relief By Writ of Habeas Corpus

Section 2241 authorizes a district court to extend a writ of habeas corpus to a prisoner who, *inter alia*, "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In construing this provision in light of the other federal habeas statutes, the Second Circuit has held that Section 2241 is unavailable to a state prisoner who seeks to challenge the execution of his sentence. *See Cook v. N. Y. State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003).

Instead, such a prisoner must seek relief under Section 2254, which "applies to 'application[s] . . . in behalf of . . . a person in custody pursuant to the judgment of a State court . . . on the ground that [the person applying] is in custody in violation of the Constitution or laws or treaties of the United States.'" *Id.* (quoting 28 U.S.C. § 2254(a)); *accord Wells v. Annucci*, No. 19-CV-3841 (LLS), 2019 WL 2209226, at *2 (S.D.N.Y. May 21, 2019) ("A habeas corpus petition brought under 28 U.S.C. § 2254 is the proper vehicle for a state prisoner who is in custody pursuant to the judgment of a state court and challenges the constitutionality of his custody."); *Rivers v. U.S. Gov't*, No. 13-CV-1680 (ARR), 2013 WL 1856629, at *1 (E.D.N.Y. May 2, 2013) ("[T]o the extent that petitioner seeks to challenge the constitutionality of his state sentence and custody, he may only do so through a petition pursuant to 28 U.S.C. § 2254 and subject to its requirements.").

Consequently, when faced with a Section 2241 petition from a petitioner in state custody who challenges the execution of his sentence, as the majority of courts in the District of Connecticut have held, this Court may properly construe a Section 2241 petition as arising under

Section 2254. *See Cook*, 321 F.3d at 278. *Compare McPherson v. Lamont*, No. 3:20-cv-534 (JBA), 2020 WL 2198279, at *5 & n.3 (D. Conn. May 6, 2020) (construing a purported class of habeas petitioners as properly bringing their action under Section 2241 because they were sentenced and pre-trial prisoners in state custody "challenging the current health conditions of their confinement"), *with Griffin v. Cook*, No. 3:20-cv-589 (JAM), 2020 WL 2735886, at *3 (D. Conn. May 26, 2020) ("The Second Circuit has ruled that section 2254 is the exclusive procedural pathway for a sentenced state prisoner's challenge in federal court to the execution of her sentence."); *Brooks v. Wolcott*, No. 20-cv-516 (JLS), 2020 WL 2553030, at *4 (W.D.N.Y. May 20, 2020) ("The Court is not bound by [the petitioner's] choice to frame his petition under Section 2241 and, after considering the substance of his allegations, must convert the petition to one filed pursuant to Section 2254." (citations omitted)); Order to Show Cause, *Hurdle v. Cook*, No. 3:20-cv-605 (KAD), ECF No. 6 (D. Conn. May 5, 2020) (construing petition filed under Section 2241 as governed by Section 2254 where petitioner was a state prisoner challenging his sentence execution during the COVID-19 pandemic as violating both the Eighth Amendment and the Americans with Disabilities Act, 42 U.S.C. § 12132); *Wright v. Lee*, No. 3:09-cv-1206 (SRU), 2016 WL 111405, at *2 (D. Conn. Jan. 11, 2016) ("The petition filed in the second/member case challenges the petitioner's custody pursuant to the 2002 state court convictions for murder and carrying a pistol without a permit on grounds of double jeopardy and false imprisonment. Thus, the petition should have been filed pursuant to 28 U.S.C. § 2254."); *Boccio v. Arnone*, No. 3:13-CV-1390 (RNC), 2013 WL 6191907, at *1 (D. Conn. Nov. 26, 2013) ("[I]f an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead." (internal citation omitted)).

Respondents argue that "as a state prisoner contesting his continued confinement in light of the COVID-19 pandemic," Mr. Pittman's petition must be construed as arising under Section 2254. Respt's.' Mem. at 5.

Petitioner submits that "because of the very nature of Mr. Pittman's petition [as] challenging the conditions of his confinement, and not his underlying sentence or conviction," the Court should construe the petition under Section 2241. Pet'r's Opp'n at 3.

The Court disagrees.

In this case, Mr. Pittman is a state prisoner who seeks to be released from prison because his medical conditions allegedly place him at severe risk of contracting COVID-19. This is a challenge to the "execution of his sentence" because he otherwise would have to remain in the custody of the State of Connecticut until his prison term ends. *See Cook*, 321 F.3d at 279-280 (noting "no distinction between the state prisoner challenging the calculation of his sentence . . . and [the] challenge to the revocation of his parole. Both were (or are) 'in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), and both could therefore challenge their incarceration only under section 2254 'on the ground that [they were (or are)] in custody in violation of the Constitution . . . of the United States."); *see also id.* at 278 ("It is the substance of the petition, rather than its form, that governs." (internal alterations omitted) (citing *James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002))).

Accordingly, and because Mr. Pittman expressly seeks relief under either Section 2241 or 2254, Habeas Pet. ¶ 7, the Court will only consider his petition as seeking relief under Section 2254 for challenging the execution of the remainder of his sentence in state custody due to his medical vulnerabilities during the COVID-19 pandemic.

### B. Review of the Petition Claim

Under Section 2254, a petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted). This exhaustion requirement seeks to promote considerations of comity between the federal and state judicial systems. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

A federal claim has been "fairly present[ed] in each appropriate state court (including a state supreme court with powers of discretionary review)" if it "alert[s] that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks and citation omitted). A petitioner "does not fairly present a claim to a state court if that court must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim in order to find material . . . that does so." *Id.* at 32.

Respondents argue that Mr. Pittman's federal habeas claims are barred for failure to exhaust his state court remedies. Resp'ts.' Mem. at 5–6. Although Mr. Pittman has acknowledged his "pending, unexhausted state habeas petition," Respondents emphasize that he "utterly fails to explain why he has not raised the allegations here[ ]in the instant action before the state habeas court," especially because Mr. Pittman "has the benefit of being represented by [the same] counsel in state habeas court as well as before this Court." *Id.* at 9. Respondents contend that Mr. Pittman's contention "that there is no state forum available to hear his petition is unfounded," and he "completely neglects to explain why he has not filed an emergency motion in his pending state habeas petition." *Id.* (internal alterations and quotation marks omitted).

10

Respondents emphasize that "the state habeas court has received, and expeditiously reviewed[,] emergency motions related to COVID-19 on already pending petitions for writ of habeas corpus." *Id.* at 10. They contend that "in addition to failing to allege that he has even attempted to exhaust his state court remedies as required . . . [Mr. Pittman] has also seriously misapprehended the current situation in Connecticut state courts" in a "patently false and misleading" manner. *Id.* at 11.

Respondents then detail the operations of the state habeas court, and emphasize that of the sixty-eight new habeas petitions filed since the pandemic began and through May 8, 2020, only four were COVID-19 related and deemed emergencies. *Id.* at 11–15. According to Respondents, exhaustion is not futile because inmates like Mr. Pittman "not only have access to the state courts to bring actions seeking their release, Connecticut's state courts are providing exceedingly prompt attention to emergency motions, including but not limited to, habeas petitions and emergency motions seeking release[.]" *Id.* at 16. Respondents analogize to decisions on motions for compassionate release under 18 U.S.C. §3582(c)(1)(A), which requires exhaustion of administrative remedies, and note that courts are still upholding exhaustion requirements. *Id.* at 16–18.

In his petition, Mr. Pittman argues that "any failure to exhaust should be excused as futile." Habeas Pet. ¶ 66. According to Mr. Pittman, "there is no state forum available to hear [his] petition, rendering it impossible for him to seek relief from his continued confinement through the process established by the State of Connecticut." *Id.* ¶ 73. In his response to Respondents' motion to dismiss, Mr. Pittman also argues that the Connecticut courts "would not have entertained, let alone required, a conditions claim" like Mr. Pittman's to be filed in his pending state habeas corpus case, which attacks his underlying conviction. Pet'r's Opp'n at 2.

11

According to Mr. Pittman, any exhaustion requirement should be excused as futile, and he urges the Court to evaluate futility at the time the petition was filed on May 6, 2020. *Id.* at 4–6.

Significantly, Mr. Pittman submits that even now, there is no process available in state court that affords him a "meaningful opportunity" to redress his emergency claim. *Id.* at 6. Mr. Pittman's counsel contends they were not notified of any "new 'process' . . . [or] procedure for dealing with 'emergency' matters." *Id.* at 7. Furthermore, based on Respondents' actions in "interpos[ing] technical, jurisdictional arguments and motions to dismiss" in all the emergency COVID-19 petitions filed in state court so far, Mr. Pittman asserts that inmates are left "with no recourse in the midst of the worst public health crisis in at least 100 years." *Id.* at 7–8. In Mr. Pittman's view, "despite its best efforts . . . the Connecticut Judicial Branch is managing an overwhelming caseload and does not have the resources to consider the many claims being brought to its doorsteps." *Id.* at 8.

The Court disagrees.

Failure to exhaust under Section 2254 may be excused only where "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief.*" Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam). The Second Circuit has explained that "Section 2254(b)(1) requires state prisoners to exhaust all available state court remedies before filing a Section 2254 petition, whereas Section 2241 contains no such exhaustion requirement," and "[h]ad Congress intended to make Section 2241 available to state prisoners, it would likely have required, in the interests of comity, that state prisoners challenging the execution of their state-imposed sentences first exhaust their remedies in the state courts." *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002).

12

In this case, Mr. Pittman has not even attempted to file an emergency motion, or any motion, in his state habeas action since February 19, 2020, when he moved for a continuance of a March 12, 2020 hearing. *See* Mot. for Extension of Time, *Pittman v. Comm'r of Corr.*, Docket No. CV19-5000367, Entry No. 103.00 (Feb. 19, 2020). Significantly, on the same day that Mr. Pittman filed his petition claiming that the state courts were effectively unavailable or unresponsive, another state inmate, Madeline Griffin, filed in the state habeas court an emergency motion for release on bail, claiming violations similar to those Mr. Pittman alleges. *See Griffin*, 2020 WL 2735886, at *1 ("On May 6, 2020, counsel for Griffin filed a motion to be released on bail in her state habeas corpus action because of the threat from COVID-19. Two weeks later, on May 20, 2020, Judge Tejas Bhatt of the Connecticut Superior Court issued a ruling denying Griffin's motion for bail.").

Although the outbreak of the COVID-19 pandemic has had an undeniable impact on all aspects of society, including delaying many court proceedings, there is not a sufficient basis on this record to find that Mr. Pittman cannot obtain relief in the state courts for his pending habeas action. The lack of action in his state case thus cannot be due to the "functional closure of Connecticut courts." Habeas Pet. ¶ 75.

Mr. Pittman therefore has failed to establish either "an absence of available State corrective process" or circumstances that "render such process ineffective to protect the rights of the applicant," 28 U.S.C. § 2254(b)(1)(B); as a result, he has failed to establish any of the statutory futility exceptions under Section 2254. *See James*, 308 F. 3d at 167 ("Section 2254(b)(1) requires state prisoners to exhaust all available state court remedies before filing a Section 2254 petition").

13

Accordingly, the Court will dismiss his federal habeas petition for failure to exhaust state court remedies.[2]

## IV.     CONCLUSION

For the reasons explained above, the Court **GRANTS** the motion to dismiss, and dismisses Mr. Pittman's petition without prejudice.

The Court will also **GRANT** the motions to seal, ECF Nos. **[18]** and **[19]**, because the Court finds that good cause exists to seal these documents and that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those purposes. *See* D. Conn. L. Civ. R. 5(e).

Finally, because Mr. Pittman has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), no certificate of appealability shall enter.

The Clerk of Court is directed to close the case.

**SO ORDERED** at Bridgeport, Connecticut, this 1st day of June, 2020.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge

---

[2] Because the Court will dismiss the petition for failure to exhaust state court remedies, the Court will not address either Respondents' arguments on *Younger* abstention or Mr. Pittman's motion for a temporary restraining order.